**David LANCIANI**

v.

**STATE of Maine.**

Supreme Judicial Court of Maine.

Submitted on Briefs Nov. 1, 1995.

Decided Nov. 30, 1995.

Christopher M. Northrop, Ogunquit Law Offices, Ogunquit, for Plaintiff.

Andrew Ketterer, Attorney General, Joseph A. Wannemacher, Assistant Attorney General, Augusta, for the State.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA, and LIPEZ, JJ.

WATHEN, Chief Justice.

Defendant David Lanciani appeals from a judgment entered in the Superior Court (York County, *McKinley, A.R.J.*) denying his petition for post-conviction relief. Lanciani argues on appeal that the court erred in concluding that his criminal convictions were not tainted by ineffective legal representation at trial. Finding no error, we affirm.

The facts may be summarized as follows: In 1989, Lanciani was tried before a jury and convicted of terrorizing, 17–A M.R.S.A. § 210 (1983), and attempted arson, 17–A M.R.S.A. §§ 802 (1988 & Supp.1994) and 152 (1983). Lanciani wanted to testify but did not because his trial counsel advised him not to because his testimony would be subject to impeachment by proof of a prior criminal conviction. Included in his criminal record was a 1973 conviction for armed robbery that resulted in a sentence of two years of incarceration, suspended, with two years of probation.[1] Although Lanciani's suspended term of incarceration had expired more than ten years before his anticipated appearance on the witness stand, his trial counsel advised him that the conviction would be admissible

---

**1.** The remainder of Lanciani's prior convictions were clearly inadmissible under M.R.Evid. 609.

because it was within the 15-year limit of M.R.Evid. 609(b)[2] by a matter of months.

Lanciani's appeal from the unfavorable judgment in the Superior Court rests on the premise that M.R.Evid. 609(b) prohibited the use of his armed robbery conviction to impeach his credibility as a witness. In his brief, Lanciani cites the rule as follows:

> Rule 609(b) states that '[E]vidence of a conviction under this rule is admissible only if less than 15 years have transpired since said conviction *and* less than 10 years have transpired since termination of any incarceration period therefor.' (emphasis added [by Appellant]).

Although the source of the quotation is not indicated, it is likely that it is taken from the *Maine Rules of Court–State and Federal,* published by West Publishing Company from 1991 through 1994. The annual editions indeed print the rule as Lanciani has cited it, but the publications are incorrect; the 1995 edition contains the correct version of the rule.

In view of the confusion evidenced by this appeal, a brief history of Rule 609(b) is in order. The original statutory version of Rule 609(b) was as follows:

### § 56. Prior conviction as affecting credibility

No person is incompetent to testify in any court or legal proceeding in consequence of having been convicted of an offense, but conviction of a felony, any larceny or any other crime involving moral turpitude may be shown to affect his credibility, provided that less than 15 years have transpired since said conviction *and* less

than 10 years have transpired since termination of any incarceration period therefor. P.L.1973 c. 295 § 56 (emphasis added).

The rule, as written, was capable of producing absurd results: the credibility of a presently-incarcerated witness, sentenced to life in prison for murder, could not be impeached if the witness' conviction had taken place 16 years ago. *See, generally,* Field & Murray, *Maine Evidence* (3rd Ed.1992) § 609.2 at 6–55.3 to 6–57 (noting that the word "and" frustrates the legislature's obvious intent). In apparent recognition of this absurdity, the statute was amended in 1977, changing "and" to "or". PL 1973, c. 295.

The Supreme Judicial Court, having been given the power to promulgate the rules of evidence in all Maine courts by virtue of P.L.1973, ch. 675 (codified at 4 M.R.S.A. § 9–A (1989)), likewise amended the earlier version of Rule 609(b). The Court changed "and" to "or", effective April 6, 1978, noting that "unless it is amended the rule reaches an unintended and unreasonable result." Me.Rptr., 385–388 A.2d XXI.

Effective April 16, 1990, the Court amended M.R.Evid. 609(a), without specifically amending 609(b). As a result of a scrivener's error, however, the text of Rule 609(b) as printed in the amendment order included the word "and" in place of "or". Me.Rptr., 563–575 A.2d CI–CII. Obviously, there was no intention to amend 609(b).

In any event, none of the printing errors that occurred between 1990 and 1995 are relevant to the accuracy of the advice Lanciani's trial counsel gave him in 1988. The rule

**2. RULE 609. IMPEACHMENT BY EVIDENCE OF CONVICTION OF CRIME**

(a) **General Rule.** For the purpose of attacking the credibility of a witness, evidence that the witness has been convicted of a specific crime is admissible but only if the crime (1) was punishable by death or imprisonment for one year or more under the law under which the witness was convicted, or (2) involved dishonesty or false statement, regardless of the punishment. In either case admissibility shall depend upon a de-

termination by the court that the probative value of this evidence upon witness credibility outweighs any unfair prejudice to a criminal defendant or to any civil party.

(b) **Time Limit.** Evidence of a conviction under this rule *is admissible only if* less than 15 years have transpired since said conviction *or* less than 10 years have transpired since termination of any incarceration period therefor.

M.R.Evid. 609 (a, b) (West 1995) (emphasis added).

as printed in 1988, and as it exists in its official form, would have allowed the prosecution to use Lanciani's fourteen-year-old armed robbery conviction to impeach him had he testified on his own behalf. The Superior Court did not err in ruling that Lanciani was not deprived of the effective assistance of counsel.

The entry is:

Judgment affirmed.

All concurring.